UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MEMC ELECTRONIC MATERIALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. |
| SUNLIGHT GROUP, INC., | ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMANDED** |
| <u>Serve</u>: Registered Agent Yihong Mao 50 Craigwood Road South Plainfield, NJ 07080 | ) ) ) ) ) | |

## COMPLAINT

COMES NOW Plaintiff MEMC Electronic Materials, Inc. ("MEMC"), and for its Complaint against Defendant Sunlight Group, Inc. ("SGI"), states as follows:

## PARTIES

1. MEMC is a corporation organized and existing under the laws of the State of Delaware. MEMC's registered office is in Delaware and its principal place of business is in St. Peters, Missouri.

2. SGI is a New Jersey corporation with its principal place of business in Plainfield, New Jersey.

## VENUE/JURISDICTION

3. Diversity of citizenship exists as MEMC is a citizen of the States of Missouri and Delaware, and SGI is a citizen of the State of New Jersey. The amount in

controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), and therefore, jurisdiction is proper pursuant to 28 U.S.C. §1332.

4. This dispute involves an Agreement that provides, "Any proceeding to resolve disputes relating to this Agreement shall be commenced in the State of Missouri." MEMC's principal place of business is located within the Eastern Division of this Court and a substantial part of the events or omissions giving rise to the claim occurred within this jurisdiction; therefore, venue is proper pursuant to 28 U.S.C. §1391.

## COUNT I – BREACH OF CONTRACT

5. MEMC realleges and incorporates by reference the allegations set forth in paragraphs 1-4 above.

6. MEMC is in the business of the manufacture and sale of silicon wafers and related intermediate products to the semiconductor and solar industries throughout the United States and internationally. Silicon wafers are the building block upon which virtually all semiconductor devices and solar cells are built.

7. SGI is in the business of purchasing, manufacturing and supplying silicon-series raw material (mainly silicon wafers and ingots) throughout the United States and internationally.

8. On or about March 28, 2007, SGI issued a Purchase Order to MEMC for the shipment of various quantities and grades of silicon materials. These materials were subsequently shipped by MEMC to SGI, and SGI paid MEMC for the material; however, thereafter, a dispute arose regarding the type and quantity of materials that were shipped by MEMC to SGI.

9. Following negotiations between the Parties, a compromise and settlement of the dispute was reached, and MEMC agreed to ship approximately 5 tons of "virgin" polysilicon to SGI at a significantly discounted price of $195 per kilogram in settlement of the dispute. At the time of shipment, the market price for this grade of polysilicon was approximately $370 per kilogram; therefore, the net savings achieved for SGI in settlement of the dispute was approximately $775,000.

10. Pursuant to the parties' compromise and settlement, SGI issued a Purchase Order to MEMC dated August 20, 2007, for 4,680 kilograms of the polysilicon at $195 per kilogram, for a total purchase price of $912,600. A copy of the August 20, 2007 Purchase Order (the "Purchase Order"), and the November 13, 2007 Pro Forma Invoice (the "Pro Forma Invoice") are attached hereto as Exhibit A, and are incorporated herein by reference.

11. According to the Purchase Order and the Pro Forma Invoice, payment terms were "Net 15 Days." Additionally, the Purchase Order and Pro Forma Invoice both stated that, "MEMC Standard T&Cs [terms and conditions] apply." MEMC's standard terms and conditions include a provision that permits it to ship material quantities within a 10% variance of the requested quantity. Moreover, MEMC's standard terms and conditions provide that, "Any proceeding to resolve disputes relating to this Agreement shall be commenced in the State of Missouri."

12. On or about December 17, 2007, MEMC shipped 4419.5 kilograms of polysilicon to SGI's facility in Shanghai, China (the "Polysilicon Shipment").

13. MEMC then issued an Invoice for the shipment of the material to SGI on December 17, 2007, for 4,419.5 kilograms of polysilicon at $195 per kilogram, for a total purchase price of $861,802.50 (the Purchase Price"). A copy of the December 17, 2008 Invoice (the "Invoice") is attached hereto as <u>Exhibit B</u>, and is incorporated herein by reference.

14. Consistent with the Purchase Order and Pro Forma Invoice, payment terms under the Invoice were "Net 15." The Invoice also contained MEMC's "Terms and Conditions."

15. Despite having received the Polysilicon Shipment, SGI has failed and has refused to pay MEMC for the Polysilicon Shipment.

16. In fact, SGI has indicated that it never intended to pay MEMC for the Polysilicon Shipment.

17. MEMC has made multiple demands for payment, but SGI has failed and has refused to pay the past due amount.

18. MEMC has fully performed all of its obligations under the Invoice and Purchase Order.

19. As a result of SGI's breach, MEMC has been damaged.

WHEREFORE, Plaintiff MEMC Electronic Materials, Inc. prays for judgment against Defendant Sunlight Group, Inc., in the amount of Eight Hundred Sixty-One Thousand Eight Hundred Two Dollars and 50/100 ($861,802.50), plus interest and costs expended herein, and for such other and further relief as may be just and proper.

## COUNT II – FRAUDULENT MISREPRESENTATION

20. MEMC realleges and incorporates by reference the allegations set forth in paragraphs 1-19 above.

21. MEMC's standard practice is to receive payment for polysilicon prior to shipment; however, as part of the compromise and settlement, SGI requested that the payment terms for the Polysilicon Shipment be "Net 15 Days." MEMC agreed to SGI's request to delay payment for the Polysilicon Shipment as indicated in the Purchase Order, Pro Forma Invoice, and the Invoice.

22. MEMC reasonably relied upon SGI's Purchase Order, and SGI's acceptance of the Invoice, both of which included a promise to pay the Purchase Price within fifteen days of shipment.

23. In reliance upon SGI's promise to pay the Purchase Price, MEMC shipped the Polysilicon Shipment to SGI.

24. SGI has failed and has refused to pay MEMC for the Polysilicon Shipment.

25. SGI's CEO, Ronald Jee (also spelled "Ji"), indicated in an email dated February 8, 2008, and then again in telephone conversation with MEMC's Chief Financial Officer, that SGI never intended to pay MEMC for the Polysilicon Shipment; therefore, SGI intentionally and fraudulently misrepresented its intention to pay MEMC for the Polysilicon Shipment prior to, and at the time of, MEMC shipping the polysilicon to SGI.

26. MEMC had no reason to know that SGI's statement that it would pay for the Polysilicon Shipment was false.

27.     As a result of SGI's fraudulent misrepresentation, MEMC has been damaged.

28.     SGI's conduct was undertaken willfully, wantonly, maliciously, with evil motive, and with a reckless disregard and indifference for the rights of MEMC, thereby entitling MEMC to an award of punitive damages sufficient to punish SGI for its misconduct.

WHEREFORE, Plaintiff MEMC Electronic Materials, Inc. prays for judgment against Defendant Sunlight Group, Inc., in the amount of Eight Hundred Sixty-One Thousand Eight Hundred Two Dollars and 50/100 ($861,802.50), plus interest, for an award punitive damages sufficient to punish Defendant and to deter others from such misconduct, for its attorneys' fees and costs incurred herein, and for such other and further relief as may be just and proper.

**WITZEL & KANZLER LLC**

By: /s/ Jay L. Kanzler Jr.
Jay L. Kanzler Jr. #3516
Brian Massimino #498805
2001 S. Big Bend Blvd.
St. Louis, Missouri 63117
Tel:   (314) 645-5367
Fax:  (314) 645-5687