UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEMC ELECTRONIC MATERIALS, INC. )<br><br>*Plaintiff,* )<br>)<br>vs. )<br>)<br>SUNLIGHT GROUP, INC. )<br>)<br>*Defendant.* ) | Case No. 4:08-cv-00535-FRB |

### SUNLIGHT GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, Sunlight Group, Inc. ("Sunlight"), hereby answers Plaintiff MEMC Electronic Materials, Inc.'s ("MEMC") Complaint ("Complaint").

### THE PARTIES

1. Sunlight admits the allegations set forth in Paragraph 1 of the Complaint.

2. Sunlight admits the allegations set forth in Paragraph 2 of the Complaint, but note that its principal place of business is in South Plainfield, New Jersey, not Plainfield, New Jersey.

### JURISDICTION AND VENUE

3. Sunlight admits the allegations set forth in Paragraph 3 of the Complaint.

4. Sunlight admits the allegations set forth in Paragraph 4 of the Complaint.

### COUNT I -- BREACH OF CONTRACT

5. Sunlight incorporates by reference its responses to Paragraphs 1 through 4 of the Complaint as though fully set forth herein.

6. Sunlight lacks sufficient information and belief to admit or deny the allegations set forth in Paragraph 6 of the Complaint, and, therefore, denies same.

7. Sunlight admits that it is in the business of purchasing raw silicon material. Sunlight also admits that it manufactures silicon wafers. Further responding, Sunlight denies each and every remaining allegation set forth in Paragraph 7 of the Complaint that has not been specifically admitted.

8. Sunlight admits that on March 28, 2007 it issued a purchase order to MEMC for the shipment of various quantities and grades of ready to use silicon raw materials. Further responding, Sunlight admits that these materials were shipped by MEMC, and that it received and paid for them. Sunlight denies each and every remaining allegation set forth in Paragraph 8 of the Complaint that has not been specifically admitted.

9. Sunlight denies the allegations set forth in Paragraph 9 of the Complaint.

10. Sunlight admits that it issued a purchase order to MEMC for 4,680 kilograms of Silicon on August 20, 2007. Sunlight denies each and every remaining allegation set forth in Paragraph 10 of the Complaint that has not been specifically admitted.

11. Sunlight denies the allegations set forth in Paragraph 11 of the Complaint.

12. Sunlight admits the allegations set forth in Paragraph 12 of the Complaint.

13. Sunlight denies the allegations set forth in Paragraph 13 of the Complaint.

14. Sunlight denies the allegations set forth in Paragraph 14 of the Complaint.

15. Sunlight denies the allegations set forth in Paragraph 15 of the Complaint.

16. Sunlight denies the allegations set forth in Paragraph 16 of the Complaint.

17. Sunlight denies the allegations set forth in Paragraph 17 of the Complaint.

18. Sunlight denies the allegations set forth in Paragraph 18 of the Complaint.

19. Sunlight denies the allegations set forth in Paragraph 19 of the Complaint.

WHEREFORE, Sunlight requests that this Court dismiss Count I of MEMC's Complaint with prejudice, award Sunlight its costs and attorneys' fees and grant such other and further relief as this Court deems just and proper.

### COUNT II -- FRAUDULENT MISREPRESENTATION

20. Sunlight incorporates by reference its responses to Paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. Sunlight denies the allegations set forth in Paragraph 21 of the Complaint.

22. Sunlight denies the allegations set forth in Paragraph 22 of the Complaint.

23. Sunlight denies the allegations set forth in Paragraph 23 of the Complaint.

24. Sunlight denies the allegations set forth in Paragraph 24 of the Complaint.

25. Sunlight denies that its CEO indicated in an e-mail dated February 8, 2008 that Sunlight never intended to pay MEMC for the December 2007 silicon shipment. Further responding, Sunlight lacks sufficient information or belief to admit or deny whether its CEO indicated in a telephone conversation with MEMC's Chief Financial Officer that Sunlight never intended to pay MEMC for the December 2007 silicon shipment, and, therefore, denies same. Further responding, Sunlight denies each and every remaining allegation set forth in Paragraph 25 of the Complaint that has not been specifically admitted.

26. Sunlight denies the allegations set forth in Paragraph 26 of the Complaint.

27. Sunlight denies the allegations set forth in Paragraph 27 of the Complaint.

28. Sunlight denies the allegations set forth in Paragraph 28 of the Complaint.

WHEREFORE, Sunlight requests that this Court dismiss Count II of MEMC's Complaint with prejudice, award Sunlight its costs and attorneys' fees and grant such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. MEMC's Complaint fails to state a claim upon which relief can be granted.

2. Count I of MEMC's Complaint is barred by the legal theory of set off. At least four shipments of silicon sent by MEMC to Sunlight contained large quantities of unqualified materials, such as quartz, low resistivity silicon material and unqualified spec silicon powder, which Sunlight could not use. As a direct and proximate result of the inclusion of these unqualified materials, Sunlight lost a substantial number of silicon wafers and incurred a significant increase in its manufacturing costs. These damages far exceed the amounts claimed by MEMC in Count I of its Complaint.

3. Count I of MEMC's Complaint is barred because there was never a meeting of the minds between Sunlight and MEMC (collectively the "Parties") with respect to settlement or a compromise.

4. Count I of MEMC's Complaint is barred because the December 2007 shipment of silicon represents substitute silicon, which MEMC was required to provide because of the unqualified materials included within MEMC's previous silicon shipments.

5. Sunlight reserves the right to assert additional affirmative defenses upon further investigation and discovery.

## COUNTERCLAIM

Sunlight hereby counterclaims against MEMC, and, in further support, states:

### THE PARTIES

1. Sunlight is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 50 Craigwood Road, Suite 215, South Plainfield, New Jersey 07080.

4

2. MEMC is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in St. Peters, Missouri.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) inasmuch as the Parties are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.

4. Venue is proper in this District pursuant to Fed. R. Civ. P. 13(a), as well as 28 U.S.C. § 1391(a)(2).

## FACTS

5. Beginning in 2006, the Parties entered into a series of purchase agreements, whereby Sunlight purchased silicon from MEMC.

6. To satisfy its obligations under these purchase agreements, MEMC shipped Sunlight silicon, and, in each case, those shipments were delivered directly to Sunlight's manufacturing facility ("Facility") in China.

7. Upon reaching the Facility, and in accordance with Sunlight's standard procedures, each MEMC shipment was inspected to confirm that the silicon's quality, grade and specifications were consistent with the standards required by Sunlight to manufacture silicon wafers and ingots.

8. If the silicon was not of the required quality, grade and specification, Sunlight's standard purchase order required that the silicon was to be returned to the seller (here, MEMC), and that the seller was to provide Sunlight with substitute silicon that complied with Sunlight's quality standards, or provide Sunlight with an unconditional refund representing the value of the unqualified materials.

9. Four of MEMC's silicon shipments contained large quantities of unqualified materials, such as quartz, low resistivity silicon material and unqualified spec silicon powder, which Sunlight could not use to manufacture silicon wafers and ingots.

10. MEMC's invoices for those shipments referenced Sunlight Purchase Order Numbers MEMC22TH030, MEMC27TH112006 and MEMC26TH0307 (collectively "Purchase Agreements"). In response to Purchase Order No. MEMC26TH0307, MEMC provided goods from two countries, the United States and Italy.

11. MEMC has failed to provide Sunlight with sufficient substitute silicon, or to provide Sunlight with a refund or a credit for the value of these unqualified materials.

12. As a direct and proximate result, Sunlight lost a substantial number of silicon wafer sales, and has incurred a significant increase in its manufacturing costs.

13. Sunlight has therefore sustained damages.

14. Sunlight satisfied each of its obligations under the Purchase Agreements.

### COUNT I -- BREACH OF CONTRACT

15. Sunlight incorporates by reference the allegations set forth in Paragraphs 1 through 14 of this counterclaim as though fully set forth herein.

16. Sunlight entered into the Purchase Agreements with MEMC, whereby MEMC was to provide Sunlight with silicon that complied with certain quality standards, grade requirements and specifications.

17. MEMC, however, is in material breach of the Purchase Agreements because the silicon shipments made pursuant to these agreements contained unqualified materials, including quartz, low resistivity silicon material and unqualified spec silicon powder.

18. As a direct consequence of MEMC's breach of the Purchase Agreements, Sunlight suffered damages. Specifically, Sunlight lost silicon wafer sales of $2,390,705.00, and, further, experienced an increase of $0.76 for the production of each individual silicon wafer, which aggregated to additional losses of $776,183.44. MEMC's material breach has therefore caused Sunlight to suffer a total of $3,166,888.44 in damages.

19. However, because Sunlight received a shipment of 4,419.5 kilograms of silicon in December 2007, Sunlight will offset its damages by the value of that shipment, $1,436,337.50.

20. Thus, as a consequence of MEMC's material breach of the Purchase Agreements, Sunlight has suffered damages of $1,730,550.94.

WHEREFORE, Sunlight requests that this Court enter judgment in its favor and against MEMC with respect to Count I, in the amount of $1,730,550.94, plus interest and costs, and for such other and further relief as this Court deems just and proper.

### COUNT II -- NEGLIGENT MISREPRESENTATION

21. Sunlight incorporates by reference the allegations set forth in Paragraphs 1 through 20 of this counterclaim as though fully set forth herein.

22. MEMC represented to Sunlight that it could provide silicon that complied with Sunlight's quality standards, grade requirements and specifications.

23. Sunlight justifiably relied upon MEMC's representations, and entered into the Purchase Agreements with MEMC based upon that reliance.

24. In exchange, Sunlight provided MEMC with the full amount due and owing under the Purchase Agreements.

25. MEMC, however, failed to exercise reasonable care or competence in representing that it could provide Sunlight with the quantity of silicon that it required, and that

all shipped silicon would meet Sunlight's quality standards, grade requirements and specifications.

26. Sunlight did not have reason to know that MEMC would not be able to ship the quantities of silicon Sunlight required, nor did Sunlight have reason to know that all of the shipped silicon would not meet its quality standards, grade requirements and specifications.

27. As a direct and proximate result of MEMC's negligent misrepresentations with respect to the quantity of silicon that it would be able to ship, and its corresponding quality, grade and specifications, Sunlight has suffered damages, including lost silicon wafer sales, as well as a significant increase in its manufacturing costs.

28. Sunlight will offset its damages by the value of MEMC's December 2007 silicon shipment.

WHEREFORE, Sunlight requests that this Court enter judgment in its favor and against MEMC with respect to Count II, in the amount of at least $1,730,550.94, plus interest and costs, and for such other and further relief as this Court deems just and proper.

### COUNT III -- NELIGENCE

29. Sunlight incorporates by reference the allegations set forth in Paragraphs 1 through 28 of this counterclaim as though fully set forth herein.

30. Under the Purchase Agreements, MEMC undertook a duty to inspect the silicon that it shipped Sunlight in order to ensure that it met Sunlight's quality standards, grade requirements and specifications.

31. MEMC failed to carry out that duty because silicon shipments made pursuant to the Purchase Agreements contained unqualified materials, including quartz, low resistivity

silicon material and unqualified spec silicon powder, which Sunlight could not use to manufacture silicon wafers and ingots.

32. As a direct and proximate result of MEMC's negligent inspections, Sunlight has suffered damages, including lost silicon wafer sales, as well as a significant increase in its manufacturing costs.

WHEREFORE, Sunlight requests that this Court enter judgment in its favor and against MEMC with respect to Count III, in the amount of at least $1,730,550.94, plus interests and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL

By  /s/ Benjamin A. Halpert
Benjamin A. Halpert #498483
Michael M. Godsy #66305
One Metropolitan Square, Suite 3000
St. Louis, Missouri 63102
(314) 241-1800
(314) 259-5959 fax

*Attorneys for Defendant Sunlight Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2008, the foregoing was served, via the electronic filing system of the U.S. District Court for the Eastern District of Missouri, to the following:

Jay L. Kanzler, Jr., Esq.
Brian Massimino, Esq.
Witzel & Kanzler LLC
2001 S. Big Bend Blvd.
St. Louis, MO 63117
Tel: (314) 645-5367
Fax: (314) 645-5687

  /s/ Benjamin A. Halpert

9