UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEMC ELECTRONIC MATERIALS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:08CV00535 FRB ) |
| SUNLIGHT GROUP, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Presently before this Court are the motions of plaintiff MEMC Electronic Materials, Inc. ("MEMC") to dismiss Counts II and III of defendant Sunlight Group, Inc.'s ("Sunlight") counterclaim and for partial summary judgment on Count I (Docket No. 12/filed June 17, 2008); and Sunlight's Motion for Discovery Pursuant to Rule 56(f) (Docket No. 16/filed July 3, 2008). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.  Background**

The following facts are based upon the allegations contained in the counterclaim which, for the purposes of the instant motion to dismiss, are assumed to be true. MEMC is a Delaware corporation, with its principal place of business in St. Peters, Missouri. Sunlight is a New Jersey Corporation. MEMC's business involves the manufacture and sale of silicon wafers and other "intermediate" products to the semiconductor and solar

-1-

industries throughout the United States and internationally. Sunlight's business involves purchasing, manufacturing and supplying silicon material throughout the United States and internationally.

Beginning in 2006, the parties entered into a series of purchase agreements, via which Sunlight purchased silicon from MEMC. Upon arrival in Sunlight's manufacturing facility, each shipment was inspected to confirm that the silicon's quality, grade and specifications were consistent with the standards required by Sunlight for its manufacturing process. Should the inspection reveal that the silicon did not meet Sunlight's standards, Sunlight was to return it to MEMC for replacement or refund.

Four of MEMC's shipments contained large quantities of unqualified materials that were unsuitable for Sunlight's use. MEMC neither provided sufficient substitute silicon, nor issued a refund or credit. As a result, Sunlight lost silicon wafer sales and suffered manufacturing cost increases totaling $1,730,550.94.[1] In its three-count counterclaim, Sunlight alleges breach of contract (Count I), negligent misrepresentation (Count II), and negligence (Count III), stemming from MEMC's shipment of non-conforming materials.

In its instant motion, MEMC argues that Counts II and III fail to state a claim for negligent misrepresentation and

---

[1]Sunlight alleges that it lost silicon wafer sales in the amount of $2,390,705.00, and suffered manufacturing cost increases in the amount of $776,183.44. Sunlight further alleges that, in December 2007, it received a shipment of 4,419.5 kilograms of silicon, and will therefore offset its damages by the value of that shipment, $1,436,337.50.

-2-

negligence, respectively, because such causes of action are not recognized where the claims are based upon failure to perform under a contract. Regarding Count II, MEMC also argues that a claim for negligent misrepresentation cannot arise from a statement regarding a speaker's future intent. In response, Sunlight argues that Counts II and III adequately state a claim against MEMC.

MEMC also moves for partial summary judgment on Count I to the extent that Sunlight seeks consequential, indirect and/or special damages. MEMC argues that the parties' contract does not provide for such damages. In response, Sunlight filed the instant Motion for Discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. (Docket No. 16/filed July 3, 2008). Therein, Sunlight argues that, because there has been no discovery conducted thus far, it cannot respond to MEMC's motion for partial summary judgment, inasmuch as the issues regarding the existence and terms of a contract between Sunlight and MEMC are currently unresolved. The Court will first address MEMC's motion to dismiss Counts II and III.

**II. Legal Analysis**

Because this matter is before this Court pursuant to diversity jurisdiction, this Court must apply Missouri's substantive law, and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) (federal court sitting in diversity must apply the forum state's substantive law, and federal procedural law); see also Winthrop Resources Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir. 2001).

The purpose of a motion to dismiss is to test the sufficiency of the complaint or, in this case, the counterclaim. In order to survive the instant motion to dismiss for failure to state a claim, Sunlight's counterclaim must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. In applying this standard, the Bell Atlantic Court noted that it was not imposing a "probability requirement at the pleading stage," and a well-pleaded complaint could proceed even if it was apparent that actual proof of the facts alleged was improbable and recovery was unlikely. Id. The Court further explained that the complaint merely needed to contain enough factual matter to "raise a reasonable expectation that discovery will reveal evidence of" the claim or element. Id.

### A. Count II - Negligent Misrepresentation

MEMC argues for the dismissal of Sunlight's negligent misrepresentation claim because such a claim cannot arise from a statement regarding the speaker's future intent. MEMC also argues that a tort claim is not recognized where it is based upon a failure to perform under a contract. In response, Sunlight argues that it sufficiently states a claim for negligent misrepresentation. For the following reasons, MEMC's arguments are not well-taken.

In Missouri, the elements that must be proven in order for a party to recover for negligent misrepresentation are: (1) the

-4-

speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss. Midwest Bankcentre v. Old Republic Title Co. of St. Louis, 247 S.W.3d 116, 129-130 (Mo. Ct. App. 2008) (citing Roth v. Equitable Life Assurance Society of the United States, 210 S.W.3d 253, 260 (Mo. Ct. App. 2006)).

MEMC correctly asserts that Missouri law precludes recovery under negligent misrepresentation for statements of future intent, and cites Hoag v. McBride & Son Invest. Co., 967 S.W.2d 157, 174 (Mo. Ct. App. 1998) and Clearly Canadian Beverage Corp. v. American Winery, Inc., 257 F.3d 880 (8th Cir. 2001) in support. However, as Sunlight correctly notes, both cases are distinguishable. In Hoag, all of the alleged misrepresentations made to the individual plaintiffs related to the defendants' intent regarding future development of a 9.5 acre site. Hoag, 967 S.W.2d at 174. In Clearly Canadian, the negligent misrepresentation claim was based upon Clearly Canadian's promise to buy American Winery at an undetermined point in the future. Clearly Canadian, 257 F.3d at 893-94. In both of these cases, the misrepresentation complained of could be interpreted only as relating to the speaker's future intent.

In the instant case, however, Sunlight's counterclaim includes "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., -- U.S. --, 127 S.Ct. at 1974. In Count II, Sunlight alleges that (1) MEMC, in the course of its business, made representations to Sunlight regarding its ability to provide silicon meeting certain standards; (2) in justifiable reliance upon these assertions, Sunlight entered into purchase agreements with MEMC and paid MEMC the full amount due under such agreements; (3) MEMC failed to exercise reasonable care or competence in representing its ability to provide Sunlight with silicon meeting certain standards, and failed to provide the quantity or quality of silicon it said it would; and (4) Sunlight was damaged, suffering lost silicon wafer sales and manufacturing cost increases.

Granting Sunlight all reasonable inferences, it cannot be said with certainty, at the present stage of this litigation, that MEMC's assertions related only to its future intent and not its present ability. In Count II of its counterclaim, Sunlight pleads sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of a claim for negligent misrepresentation. Id.; see also Vickers v. Progressive Cas. Ins. Co., 979 S.W.2d 200, 204 (Mo. Ct. App. 1998) (finding that plaintiffs adequately stated a claim for negligent misrepresentation, and the trial court erred in dismissing the claim, when plaintiffs alleged facts tending to show that defendant Progressive's agent represented to plaintiffs that Progressive

would be settling their claims; agent failed to exercise reasonable care or competence in obtaining or communicating the information and as a result the information presented was false; plaintiffs justifiably relied on this information and Progressive could foresee that they would rely and intended that they do so; and plaintiffs suffered injury as the direct and proximate result of this false information.)

MEMC next argues that Count II is subject to dismissal because a claim for negligent misrepresentation is not recognized when based upon a failure to perform under a contract. The undersigned disagrees.

Actions in tort and contract are fundamentally different inasmuch as they protect different interests. Grus v. Patton, 790 S.W.2d 936, 941 (Mo. Ct. App. 1990). "Tort actions protect the interest in freedom from various kinds of harms. The duties of conduct which give rise to them are imposed by law, and are based primarily on social policy, and not necessarily upon the will or intention of the parties." Id. at 941-42. Actions in contract, however, exist to protect the interest in having promises performed. Id. "Contract obligations are imposed because of conduct of the parties manifesting consent and are owed only to specific individuals named in the contract." Id.

In the instant case, the duty giving rise to Sunlight's claim of negligent misrepresentation is prescribed by law, as noted above. Sunlight's cause of action does not depend upon, nor is it defeated by, the existence of a contract between the parties. "The

submissibility of a misrepresentation claim depends not upon the contract but upon the establishment of all the elements of the misrepresentation." Richey v. Philipp, - - S.W.3d - -, 2008 WL 564797, 3 (Mo. Ct. App. 2008) (not released for publication) (citing Essex v. Getty Oil Co., 661 S.W.2d 544, 549 (Mo. Ct. App. 1983)). Furthermore, the Federal Rules of Civil Procedure expressly allow a party to plead for relief in the alternative, to plead for several different types of relief and to "state as many separate claims . . . as the party has, regardless of consistency." Fed.R.Civ.P. 8(a), 8(e)(2). Because Sunlight has sufficiently plead the elements of a claim for negligent misrepresentation, the undersigned finds that Sunlight is entitled to present evidence on Count II of its counterclaim.

**B. Count III - Negligence**

MEMC next asserts that Sunlight's claim in Count III should be dismissed because claims for negligence cannot be based upon a failure to perform under a contract. For the following reasons, MEMC's argument is well-taken.

In Missouri, the elements that must be proven in order for a party to recover for negligence are: (1) the existence of a legal duty owed to the plaintiff; (2) breach of that duty through a negligent act by the defendant; (3) proximate causation between the breach and the resulting injury; and (4) resulting damages. Petrol Properties, Inc. v. Stewart Title Co., 225 S.W.3d 448, 455 (Mo. Ct. App. 2007) (citing Ostrander v. O'Banion, 152 S.W.3d 333, 338 (Mo. Ct. App. 2004)). In Count III of its counterclaim,

Sunlight alleges that (1) per the purchase agreements, MEMC undertook a duty to inspect the silicon it shipped to ensure it met Sunlight's standards; (2) MEMC failed to carry this duty because the shipments were of poor quality and unsuitable for Sunlight's use; (3) as a result, Sunlight could not use the silicon to manufacture silicon wafers and ingots; and (4) Sunlight suffered damages including lost sales and increased manufacturing costs.

While it is true that, as noted above, the Federal Rules of Civil Procedure expressly allow a party to plead for relief in the alternative, each of the alternative theories must state a claim upon which relief can be granted.

As noted above, in Missouri, the first element of a cause of action for negligence is proof of the existence of a duty. In order to determine the character of an action, the court must first ascertain the source of the duty claimed to have been violated. Grus, 790 S.W.2d at 942. If the duty was one imposed merely by the contract, and would not exist but for the contract, then any action for the breach thereof is in contract, not tort. Id. If, however, a party sues for a breach of a duty prescribed by law, even if that duty is incidental to the contractual relationship, the party may bring an action in tort. Id. (quoting State v. Eversole, 332 S.W.2d 53, 57-58 (Mo. Ct. App. 1960)).

In this case, Sunlight alleges that the purchase agreements imposed a duty upon MEMC to inspect the silicon shipments to ensure they conformed with Sunlight's standards. The purchase agreements are the only sources of duty Sunlight

-9-

identifies. Taking the allegations in Count III of Sunlight's counterclaim as true, Sunlight could not prevail on a negligence claim because it would be unable to prove the existence of a legal duty that existed independently of any contract. Missouri courts do not recognize breach of a duty imposed by contract as providing a basis for tort liability. <u>Preferred Physicians Mut. Management Group v. Preferred Physicians Mut. Risk Retention</u>, 918 S.W.2d 805, 814 (Mo. Ct. App. 1996)(citing <u>Khulusi v. Southwestern Bell Yellow Pages</u>, 916 S.W.2d 227, 229 (Mo. Ct. App. 1995)). Sunlight's claim of negligence in Count III should therefore be dismissed.

**C. Count I - Breach of Contract: MEMC's Motion for Partial Summary Judgment, and Sunlight's Motion for Discovery**

MEMC finally argues entitlement to partial summary judgment on Count I of Sunlight's counterclaim to the extent that Sunlight seeks consequential, indirect and/or special damages, arguing that the parties' contract disallows such damages. In support, MEMC attached a purchase order, a terms and conditions sheet, and six commercial invoices, none of which were authenticated. (Docket No. 12, Exhibits A and B.)

In response, Sunlight filed a Motion for Discovery pursuant to Fed.R.Civ.P. 56(f) (Docket No. 16/filed July 3, 2008).[2] Therein, Sunlight argues that MEMC's motion is premature, inasmuch as the case is in the early stages of litigation, and no discovery has been conducted. Sunlight requests that MEMC's motion be

---

[2] In support, Sunlight submits the sworn declaration of Peter W. Schroth, lead counsel for Sunlight in this matter, declaring that, due to the lack of any discovery in this matter, Sunlight was unable to respond to MEMC's motion for partial summary judgment. (Docket No. 16-2.)

-10-

denied, or the briefing schedule stayed, to allow the parties to begin and complete discovery. For the following reasons, Sunlight's arguments are well-taken.

Pursuant to Rule 56(c), a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute, and that the moving party is entitled to judgment as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party carries "the ultimate burden of proof ... to establish that there are no material facts in dispute and that, as a matter of law, the movant is entitled to judgment." <u>Carrington v. City of Des Moines, Iowa</u>, 481 F.3d 1046, 1050 -1051 (8th Cir. 2007) (citing <u>Oldham v. West</u>, 47 F.3d 985, 988 (8th Cir. 1995); <u>see</u> <u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "In analyzing whether a claim is ripe for summary judgment, a district court has discretion to determine whether the parties have had adequate time for discovery". <u>Stanback v. Best Diversified Prods., Inc.</u>, 180 F.3d 903, 910 (8th Cir. 1999).

Under the Federal Rules of Civil Procedure, the parties must be afforded adequate time for general discovery before being required to respond to a motion for summary judgment. <u>Metropolitan Life Ins. Co. v. Bancorp Services, L.L.C.</u>, 527 F.3d 1330, 1336 - 1337 (8th Cir. 2008). "Summary judgment is proper only if the nonmovant has had adequate time to conduct discovery." <u>Robinson v. Terex Corp.</u>, 439 F.3d 465, 467 (8th Cir. 2006); <u>see</u> <u>also</u> <u>Iverson v. Johnson Gas Appliance Co.</u>, 172 F.3d 524, 530 (8th Cir. 1999).

-11-

Federal Rule of Civil Procedure 56(f)[3] allows the court to, <u>inter alia</u>, deny summary judgment upon the nonmovant's good faith showing that it has had inadequate time for discovery, and that time for discovery would allow it to discover evidence allowing it to respond. Fed.R.Civ.P. 56(f); <u>Robinson</u>, 439 F.3d at 467. As Sunlight correctly notes, when, as in this case, "there has been no adequate initial opportunity for discovery, a strict showing of necessity and diligence that is otherwise required for a Rule 56(f) request for additional discovery does not apply." <u>Metropolitan Life Ins. Co.</u>, 527 F.3d at 1337.

MEMC filed its motion for partial summary judgment before the initiation of the discovery process. Sunlight therefore has had no opportunity to conduct discovery. Sunlight has informed the Court, by its motion and via the aforementioned affidavit of Mr. Schroth, that it anticipates that the discovery process will afford it the opportunity to develop evidence to respond MEMC's motion for partial summary judgment.

Accordingly, this Court finds that MEMC's partial summary judgment motion is improper at this time because Sunlight has had

---

[3] Rule 56(f) states:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.
>
> Fed.R.Civ.P. 56(f).

no opportunity to develop facts and evidence through discovery. MEMC's motion will therefore be denied, and MEMC may re-file its summary judgment motion after the parties have had adequate time to conduct discovery.  Sunlight's Motion for Discovery pursuant to Rule 56(f) shall be granted to the extent that Sunlight requests time to begin and complete the discovery process.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that MEMC's Motion to Dismiss Count II (negligent misrepresentation) is **DENIED.**

**IT IS FURTHER ORDERED** that MEMC's motion to dismiss Count III (negligence) is hereby **GRANTED**, and Count III of Sunlight's counterclaim is hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that MEMC's Motion for partial judgment on Count I (breach of contract) is hereby **DENIED** as provided herein.

**IT IS FURTHER ORDERED** that Sunlight's Motion for Discovery (Docket No. 16/filed July 3, 2008) is **GRANTED** as provided herein.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of October, 2008.