UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MEMC ELECTRONIC MATERIALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV535 FRB |
| | ) | |
| SUNLIGHT GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff MEMC Electronic Materials, Inc.'s ("MEMC's") Motion for Prejudgment Attachment (filed April 30, 2009/Docket No. 162). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). Trial of the matter commenced May 10, 2010.

In the instant motion, plaintiff MEMC seeks a writ of attachment to be issued against defendant Sunlight Group, Inc.'s ("Sunlight's") bank accounts located in CitiBank, Bank of China, and HSBC in the amount of $861,802.50, to secure satisfaction of judgment in the event MEMC prevails against Sunlight in this cause of action. The banks in which these accounts are located are in the State of New York. Defendant Sunlight has responded to the motion.

Rule 64, Federal Rules of Civil Procedure, provides for the prejudgment seizure of property to secure satisfaction of a

potential judgment, as provided under the law of the state where the court sits, i.e., Missouri law. Section 521.010 of the Missouri Revised Statutes provides for a writ of attachment if one of many conditions is met. In the instant petition for writ of attachment, plaintiff contends that the circumstances of this cause of action meet the following conditions under § 521.010(1) and (2): where the defendant is not a resident of this state; and where the defendant is a corporation, whose chief office or place of business is out of this state. Plaintiff also contends that conditions § 521.010(13) and (14) are likewise met in this cause: where the debtor has failed to pay the price or value of any article or thing delivered, which by contract, he was bound to pay upon delivery; and where the debt sued for was fraudulently contracted on the part of the debtor.

For a writ of attachment to issue under Missouri law, Missouri Supreme Court Rule 85.03 requires an affidavit to be filed by the requesting party, with such affidavit to include the following information: the nature and amount of the claim; and facts showing the existence of one or more of the grounds for attachment set forth in Mo. Rev. Stat. § 521.010. Specifically,

> [t]he affidavit shall be made by the plaintiff, or some person for him, and shall state that the plaintiff has a just demand against the defendant, and that the amount which the affiant believes the plaintiff ought to recover, after allowing all just credits and setoffs, is . . . dollars, and that he has

> good reason to believe, and does believe, in
> the existence of one or more of the causes
> which according to the provisions of section
> 521.010 would entitle the plaintiff to sue by
> attachment.

Mo. Rev. Stat. § 521.060 (omission in statute).

With its request for prejudgment attachment, MEMC has submitted the affidavit of Michael Russo, Director of Sales at MEMC. A review of the affidavit, however, shows it to fail to include all of the information required by Mo. S. Ct. R. 85.03 and Mo. Rev. Stat. § 521.060. In his affidavit, Mr. Russo does not set out his belief that the conditions of § 521.010(1) and (2) have been met, as averred in the motion. Although the affidavit arguably sets out Mr. Russo's belief that conditions (13) and (14) of § 521.010 have been met by defendant's alleged conduct, the affidavit nevertheless fails to set out the amount of the claim which Mr. Russo believes plaintiff ought to recover. The affidavit states only that there was an agreement to ship "*approximately* five (5) metric tons of virgin polysilicon" at $195 per kilogram, and that virgin polysilicon was shipped. There is no statement in the affidavit setting out the actual amount shipped nor the amount of the claim.

Attachment proceedings are special and extraordinary proceedings. State ex rel. Froidl v. Tillman, 662 S.W.2d 907, 909 (Mo. Ct. App. 1983). As such, strict compliance with the statute is required, with the provisions construed "strictly in favor of

those against whom [the remedy] may be employed." <u>Bryant v. Duffy</u>, 30 S.W. 317, 318 (Mo. 1895), cited in <u>Froidl</u>, 662 S.W.2d at 909. "When such strict compliance has not been had, the writ of attachment will be irregular[.]" <u>Froidl</u>, 662 S.W.2d at 909.

Upon review of Mr. Russo's affidavit, it cannot be said that the affidavit strictly complies with the statutory requirements such that the extraordinary remedy of prejudgment attachment should issue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff MEMC Electronic Materials, Inc.'s Motion for Prejudgment Attachment (Docket No. 162) is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _12th_ day of May, 2010.