UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MEMC ELECTRONIC MATERIALS,      )
INC.,                           )
                                )
          Plaintiff,            )
                                )
     v.                         )  Case No. 4:08CV535 FRB
                                )
SUNLIGHT GROUP, INC.,           )
                                )
          Defendant.            )

**MEMORANDUM AND ORDER**

Presently before the Court is Plaintiff's Motion For Prejudgment Interest And Memorandum Of Law In Support. (Docket No. 193). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On April 17, 2008, plaintiff MEMC Electronic Materials, Inc. ("MEMC") filed a two-count Complaint against defendant Sunlight Group, Inc. ("SGI"), alleging breach of contract and fraudulent misrepresentation. On May 27, 2008, SGI answered and filed a counterclaim, alleging breach of contract and negligent misrepresentation. MEMC was subsequently granted summary judgment on SGI's claim for negligent misrepresentation. The remaining claims were tried to a jury which, on May 14, 2010, returned verdicts for MEMC and assessed damages against SGI in the amount of

$861,802.50.  Judgment was entered on the verdicts that same date. (Docket No. 189).

Thereafter, on May 26, 2010, SGI filed a Suggestion of Bankruptcy, stating that it had filed a bankruptcy petition pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.  (Docket No. 195). The filing of SGI's bankruptcy petition operated as an automatic stay of the commencement or continuation of the judicial proceedings against it in this Court.  See 11 U.S.C. § 362(a)(1); In re Pincombe, 256 B.R. 774, 780 (N.D. Ill. 2000); In re Atkins, 176 B.R. 998, 1006 (D. Minn. 1994).  Accordingly, on August 4, 2010, this Court entered an Order staying these proceedings during the pendency of the Chapter 11 bankruptcy proceedings of defendant SGI.  (Docket No. 200).

During the pendency of its bankruptcy proceedings, SGI periodically filed status updates with this Court.  On October 4, 2011, SGI filed a status update advising that the bankruptcy proceedings had been dismissed.  (Docket No. 207).  On October 21, 2011, having taken judicial notice of the fact that the bankruptcy proceedings filed by SGI had been dismissed, this Court entered an Order lifting the previously-entered stay.  (Docket No. 211).

In the instant motion, MEMC moves this Court for an order of prejudgment interest in the amount of $183,386.85 on the Judgment entered on May 14, 2010 against SGI.  SGI has filed no response in opposition to the motion.

In a diversity case such as the one at bar, the question of prejudgment interest is controlled by state law. Emmenegger v. Bull Moose Tube Co., 324 F.3d 616, 623-24 (8th Cir. 2003); see also First American States Bank v. Milnikel, 897 F.2d 319, 327 (8th Cir. 1990) (prejudgment interest is a matter of substantive state law). As MEMC correctly notes in the instant motion, Missouri statute provides that creditors shall be allowed interest at the rate of nine percent per annum, "when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made." Mo.Rev.Stat. § 408.020.

The Eighth Circuit has recognized that Missouri law permits prejudgment interest when the amount due is "liquidated or, although not strictly liquidated, is readily ascertainable by reference to recognized standards." California & Hawaiian Sugar Co. v. Kansas City Terminal Warehouse Co., Inc., 788 F.2d 1331, 1333-34 (8th Cir. 1986) (quoting St. Joseph Light & Power Co. v. Zurich Insurance Co., 698 F.2d 1351, 1355 (8th Cir. 1983)). When the damages for a claim of breach of contract are fixed or readily ascertainable and a sufficient demand is made, the statute compels the award of prejudgment interest. See Watters v. Travel Guard Int'l, 136 S.W.3d 100, 112 (Mo. Ct. App. 2004).

In support of the instant motion, MEMC avers that it shipped polysilicon materials to SGI on December 17, 2007 pursuant to a commercial invoice in the amount of $861,802.50. The invoice

contained payment terms of net 15 days, making the invoice amount due on January 1, 2008.  Therefore, the amount due from SGI under its contract with MEMC was "liquidated" or at last "readily ascertainable by reference to recognized standards" as of January 1, 2008.  See California & Hawaiian Sugar Co., 788 F.2d at 1333-34 (internal citations omitted).

The jury found, and this Court entered its May 14, 2010 judgment, in favor of MEMC for breach of contract in the amount of $861,802.50.  (Docket No. 189).  As MEMC's calculations demonstrate (Docket No. 193, Attachment 1, page 3), the 9% per diem interest charge under § 408.020 was $212.50 which, multiplied by the number of days between January 1, 2008 and the date of judgment, totals $183,386.85.  SGI offers no objection to the instant motion, and the undersigned finds the instant motion to be well-taken.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Prejudgment Interest (Docket No. 193) is granted.

**IT IS FURTHER ORDERED** that an award of prejudgment interest is entered in favor of MEMC and against SGI in the amount of $183,386.85.

Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of March, 2012.