UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEMC ELECTRONIC MATERIALS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:08CV535 FRB<br>) |
| SUNLIGHT GROUP, INC., | )<br>) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is plaintiff MEMC Electronic Materials' Bill Of Costs and defendant Sunlight Group, Inc.'s objections thereto. (Docket Nos. 194 and 197). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On April 17, 2008, plaintiff MEMC Electronic Materials, Inc. ("MEMC") filed a two-count Complaint against defendant Sunlight Group, Inc. ("SGI"), alleging breach of contract and fraudulent misrepresentation. On May 27, 2008, SGI answered and filed a counterclaim, alleging breach of contract and negligent misrepresentation. MEMC was subsequently granted summary judgment on SGI's claim for negligent misrepresentation. The remaining claims were tried to a jury which, on May 14, 2010, returned verdicts for MEMC and assessed damages against SGI in the amount of $861,802.50. Judgment was entered on the verdicts that same date. (Docket No. 189).

Thereafter, on May 26, 2010, SGI filed a Suggestion of Bankruptcy, stating that it had filed a bankruptcy petition pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. (Docket No. 195). The filing of SGI's bankruptcy petition operated as an automatic stay of the commencement or continuation of the judicial proceedings against it in this Court. See 11 U.S.C. § 362(a)(1); In re Pincombe, 256 B.R. 774, 780 (N.D. Ill. 2000); In re Atkins, 176 B.R. 998, 1006 (D. Minn. 1994). Accordingly, on August 4, 2010, this Court entered an Order staying these proceedings during the pendency of the Chapter 11 bankruptcy proceedings of defendant SGI. (Docket No. 200).

During the pendency of its bankruptcy proceedings, SGI periodically filed status updates with this Court. On October 4, 2011, SGI filed a status update advising that the bankruptcy proceedings had been dismissed. (Docket No. 207). On October 21, 2011, having taken judicial notice of the fact that the bankruptcy proceedings filed by SGI had been dismissed, this Court entered an Order lifting the previously-entered stay. (Docket No. 211).

As the prevailing party, MEMC now files a bill of costs seeking recovery of costs classified as court reporter fees in the amount of $9,989.38, and court clerk fees in the amount of $350.00, for a total of $10,339.38. (Docket No. 194 at 1). The amount MEMC classifies as court reporter fees includes charges associated with stenographic transcripts of Ron Jee's depositions, and a charge of

$320.00 for Mr. Jee's video deposition; five courier and delivery charges totaling $205.00, "rough draft" charges of $379.50 for Lisa Olito's April 16, 2010 deposition, and "trial services" in the amount of $1,722.50. (Docket No. 194 at 3-12).

Rule 43(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . .". Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, a "prevailing party is presumptively entitled to recover all of its costs." 168th and Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958 (8th Cir. 2007). The Court has the discretion in determining and awarding costs in a given case. Pershern v. Fiatallis N. Am., Inc., 834 F.2d 136, 140 (8th Cir. 1987). A bill of costs should always be given careful scrutiny. Koppinger v. Cullin-Schiltz and Assocs., 513 F .2d 901, 911 (8th Cir. 1975).

The court may only tax as costs those permissible expenses enumerated in 28 U.S.C. § 1920 or other statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-442 (1987); Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889-90 (8th Cir. 2006). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

-3-

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

It is well settled that district courts are "bound by the limitations" established by § 1920, and costs not provided for therein are not taxable. See Crawford Fitting Co. v. J .T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987).

In this case, SGI makes specific objections to certain of MEMC's requested costs. MEMC has not responded to SGI's objections. The Court will address each of SGI's objections in turn.

A. Ron Jee's Video Depositions

MEMC seeks to recover $320.00 for the costs associated with video depositions of Ron Jee, in addition to the recovery of costs for the stenographic transcripts of Ron Jee's depositions. SGI objects to the recovery of the costs associated with the video depositions of Ron Jee, arguing that MEMC is not entitled to recover costs for both the stenographic and the video transcripts.

In support, SGI cites <u>American Guarantee & Liability Insurance Co. v. U.S. Fidelity & Guaranty Co.</u>, 2010 WL 1935998 *2 (E.D. Mo. 2010), in which the Honorable Rodney W. Sippel noted that the plain language of § 1920 has been construed to mean that a party may not recover costs for both stenographic and video transcripts. Indeed, as Judge Sippel noted, while § 1920 permits taxation of the costs associated with conducting video depositions, § 1920(2) allows taxable costs for "[f]ees for printed *or* electronically recorded transcripts necessarily obtained for use in the case" (emphasis added). Citing other cases from this district, Judge Sippel concluded that the use of the disjunctive "or" means that § 1920 should be construed to permit either stenographic transcription or video recording of depositions, but not both. <u>Id.</u> In so holding, Judge Sippel recognized that, when the plain language of a statute is clear, it is controlling, and that if a statute's wording is plain, simple and straightforward, the words must be accorded their normal meanings. <u>Id.</u> The undersigned agrees with Judge Sippel's reasoning, and therefore concludes that, in the case at bar, it would be contrary to § 1920's plain language to allow MEMC to recover costs for both stenographic and video costs for Ron Jee's depositions.

SGI asks that the video costs be rejected. While MEMC includes both stenographic and video costs in the instant bill of costs, MEMC did not respond to SGI's objections or in any way

-5-

communicate to the Court that it would prefer to recover the video costs over the stenographic costs. The undersigned will therefore disallow the video costs in the amount of $320.00.

B.  Courier and Delivery Charges

MEMC also seeks to recover courier and delivery costs for each of the five deposition transcripts in this case, for a total of $205.00.

Courier and delivery costs are not enumerated in 28 U.S.C. § 1920. In addition, as SGI correctly notes, the Eighth Circuit has held that, while deposition costs are recoverable under § 1920, delivery costs are not. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) (citing Cleveland v. North Am. Van Lines, Inc., 154 F.R.D. 37, 38 (N.D. N.Y. 1994) (finding that, while deposition costs are recoverable, associated delivery costs are not)). The undersigned will therefore disallow the $205.00 MEMC seeks to recover for courier and delivery charges.

C.  Rough Draft Charges

MEMC seeks to recover $379.50 in "rough draft" charges for Lisa Olito's April 16, 2010 deposition.

Rough draft charges are not among those enumerated in 28 U.S.C. § 1920. SGI objects to MEMC's recovery of these charges, again citing Judge Sippel's decision in American Guarantee & Liability Insurance Co., 2010 WL 1935998. There, Judge Sippel held that, because "rough draft" costs were for the convenience of the

attorneys, they were not deemed "necessarily obtained for use in the case" as required by § 1920.  Id. at *4.  MEMC has made no effort to respond to SGI's objection with evidence that the rough draft charges were anything more than a convenience for counsel. Costs incurred for the convenience of the parties are not taxable against the losing party.  Tallarico v. Trans World Airlines, Inc., 693 F.Supp. 785, 792-93 (E.D. Mo. 1988) (aff'd in part, rev'd in part on other grounds).  The undersigned will therefore disallow the $379.50 MEMC claims in rough draft charges.

    D.   Trial Services

MEMC seeks to recover $1,722.50 for "trial services," which it identifies as: (1) trial services; (2) digital conversion; (3) text to video synchronization; (4) editing/trial prep; and (5) courier.  (Docket No. 194 at 12).  This is the extent of the description MEMC provides; MEMC does not further elaborate as to what services it obtained that generated these fees.

SGI objects, arguing that these costs are not among those enumerated in § 1920.  MEMC makes no effort to respond or to demonstrate to this Court that these expenses were necessarily obtained for use in this case, as § 1920 requires, nor does MEMC offer any authority under which the undersigned might properly grant its request for these expenses.  In contrast, SGI offers case law from this district court in which no authority was found "for taxing as costs the fees for text/video synchronization," St.

Francis Medical Center v. C.R. Bard, Inc., 2010 WL 1980328 *1 (E.D. Mo. 2010); for digital conversion because there can be no recovery for both stenographic and video costs of deposition, American Guarantee & Liability Insurance Co., 2010 WL 1935998 *2; or "video services during trial." Murphy v. Safeco Ins. Co. of Illinois, 2010 WL 1268034 *1 (E.D. Mo. 2010).

In the absence of any effort on the part of MEMC to demonstrate that these items are properly recoverable under § 1920, the undersigned will disallow the $1,722.50 MEMC claims for "trial services."

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that MEMC's Bill of Costs (Docket No. 194) shall be allowed in part and disallowed in part in accordance with the findings set out herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs against defendant Sunlight Group, Inc. in this cause:

| | |
|---|---|
| Deposition fees: | $7,362.38 |
| Fees of the Clerk: | $ 350.00 |
| **TOTAL:** | **$7,712.38** |

_Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of March, 2012.